Judge Wiiwams
Judge Haywood was concerned in this cause, and has left the bench. I am sorry for it, as. a cause similar to the present* came on at Salisbury at the last term, and his opinion was, that the rules respecting negotiable instruments did not apply to uune.go-tiable ones, though in fact passed by a debtor to his creditor ; I. mention this opinion now, because tho’ I then differed. I am not now sure but it was the right one. These bonds were not negotiable in this State, and. the. assign? ment made here.-according to the case, cited from Bl.Eep. must be governed by the laws of this country, and is to he considered as the indorsement of paper not negotiable, and may confer on the assignee only, the powers attributed-to such assignments in the argument for the Plaintiff; and if notice of non-payment-by the obligor is not necessary, the Plaintiff may probably be entitled . to re-, cover on the special, contract laid, in the declaration, which is, that the endorsee should sue in the name of the obligee, and in case of his not being able to obtain satisfaction, should resort to Taylor. The greater part of the time elapsed since the indorsement, has been employed, by’the indorsee in pursuing the obligor — be sued within *454 thirteen or fourteen months, and lias continued to sue ever since. The jury found for the Plaintiff, and he had judgment.
Note. —The opinion of the court ex relatione. It is certain however, that it was in favor of a recovery — either upon the ground that an un-negotiable paper, though indorsed, does not bind the indorsee to the same diligence, as if it were negotiable ; or that the special contract not stipulating expressly for that diligence, the indorsee was not bound to use it, or that his suing within thirteen or fourteen months in his own name, was a using of sufficient diligence.
Note. — On the trial ot this causes the following points occurred and were decided. The Defendant offered a deposition, the notice for which was, that it would be taken on a certain day named, at Halifax court-house, in Virginia ; the caption expressed a taking on that day, at the house of Manning, at Halifax court-house ; and a witness sworn in court, proved that Manning’s house stood about eighty yards from the court-house.

Per Curiam

It cannot be received. The receiving of evidence by depositions, is only adopted from necessity. It is subject to many abuses. If we begin to say it may be taken at a place near that fixed upon by the notice, it will open a door to fraud. The p«rty may cause it to be taken near the place, whilst the adverse party may be waiting at the place appointed, in order to cross-examine. Besides, if we once say that to take it near the place will do, we shall never know where to stop,- it may be taken at a greater distance than eighty yards; one hundred for instance, or a quarter of a mile, and yet be said to be near. The deposition was rejected.
The Plaintiff offered the receipt of Mr. German Baker, late a counsel in Virginia, to fix the time when the bonds were put into his hands to be. sued upon ; and it was urged, that he was now dead, so that his deposition cannot be had ; and that the receipt is the best evidence of that fact we can offer. That it was the course of business for counsel to give receipts when they receive bonds to sue upon, and that therefore the evidence offered should be received. Courts had done the like on other occasions, when the course of business rendered it proper, as in the case of the merchant’s clerk who made the entries and died, and the merchant had no other means of proof but his hand-writing; it was admitted, as the course of business allowed of no better proof.
Per Curiam — Let the receipt be read, the course of business admits of no other proof. A record from one of the CountyCourtsofVirginia was offered ; it was certified by the clerk and presiding Justice, but no seal affixed, nor any certificate that there was no seal of the court. Per Curiam — Where there is no seal, it should be certified there was none. We cannot know that there is no sea), unless it be certified; and if i here be a seal, a record thus certified cannot be received, inasmuch as it is not attested in the most authentic way of which it is capable. In order to its admissioility therefore it must appear there i's no seal by which it can be attested. So it was rejected.